O

FILED
CLERK, U.S. DISTRICT COURT
Sept. 30, 2018
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_JR\_\_\_\_ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

LUIS QUIJADA,

          Plaintiff,

vs.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

          Defendant.

Case No. 5:17-CV-00550 (VEB)

DECISION AND ORDER

## I. INTRODUCTION

In February of 2013, Plaintiff Luis Quijada applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by William M. Kuntz, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 8, 10, 23). On June 27, 2018, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 22).

## II. BACKGROUND

Plaintiff applied for benefits on February 4, 2013, alleging disability beginning June 10, 2012. (T at 139-45).[1] The application was denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On June 30, 2015, a hearing was held before ALJ Joseph D. Schloss. (T at 27). Plaintiff appeared with his attorney and testified. (T at 30-41). The ALJ also received testimony from Alan Ey, a vocational expert (T at 42-47).

On September 16, 2015, the ALJ issued a written decision denying the application for benefits. (T at 10-26). The ALJ's decision became the Commissioner's final decision on January 25, 2017, when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

On March 23, 2017, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 1). The

---

[1] Citations to ("T") refer to the transcript of the administrative record at Docket No. 16.

Commissioner interposed an Answer on September 6, 2017. (Docket No. 15). The parties filed a Joint Stipulation on February 8, 2018. (Docket No. 21).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision should be affirmed and this case must be dismissed.

### III. DISCUSSION

**A.     Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual

functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.     Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

1 "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and

making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

C.  **Commissioner's Decision**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since July 10, 2012 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2016 (the date last insured). (T at 15). The ALJ found that Plaintiff's chronic low back pain (with mild x-ray and MRI findings with no neurologic deficits) and persistent right knee pain (status post arthroscopic surgery with no significant pathology) were "severe" impairments under the Act. (Tr. 15).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 16).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform medium work as defined in 20 CFR § 404.1567 (c), as follows: he can lift/carry 50 pounds occasionally and 20 pounds frequently; he can

stand/walk for 4 hours at a time (6 hours total) in an 8-hour workday; he can sit for 4 hours at a time (7 hours total) in an 8-hour workday; he can continuously use both upper extremities for reaching overhead and in all other directions, as well as handling, fingering, pushing/pulling; he can frequently operate foot controls with both lower extremities, continuously climb stairs and ramps, occasionally climb ladders/scaffolds, occasionally balance, stoop, kneel, crouch and crawl; he can frequently work at unprotected heights and around moving mechanical parts; he can continuously operate a motor vehicle; he can be frequently exposed to humidity/wetness, dusts, odors, fumes, pulmonary irritants, vibration, and extremes of temperature. (T at 17).

The ALJ found that Plaintiff could perform his past relevant work as a salesperson of general hardware and department manager. (T at 21).

As such, the ALJ found that Plaintiff was not entitled to benefits under the Social Security Act from June 10, 2012 (the alleged onset date) through September 16, 2015 (the date of the ALJ's decision). (T at 22). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

D. **Disputed Issues**

As set forth in the parties' Joint Stipulation (Docket No. 17), Plaintiff offers three (3) main arguments in support of his claim that the Commissioner's decision should be reversed. First, he contends that the ALJ did not properly weigh the medical opinion evidence. Second, Plaintiff argues that the ALJ's step two analysis was flawed. Third, Plaintiff challenges the ALJ's credibility determination. This Court will address each argument in turn.

## IV. ANALYSIS

A. **Medical Opinion Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting

medical evidence, and/or the absence of regular medical treatment during the alleged period of disability, and/or the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors,' are correct." *Id*.

In this case, Dr. John M. Larsen, a treating physician, offered a series of opinions mostly framed in workers' compensation terminology regarding Plaintiff's degree of limitation.

In June of 2012, Plaintiff began treating with Dr. Larsen, who opined that Plaintiff was "temporarily totally disabled." (T at 328). Dr. Larsen reiterated this assessment in March and April of 2013 (T at 273, 380). In June of 2013, Dr. Larsen concluded that Plaintiff could return to work with modified duties. (T at 370). However, Dr. Larsen noted that Plaintiff's employer would not accommodate him

with modified duty work and, as such, he continued the classification of temporarily totally disabled. (T at 370). Dr. Larsen repeated this finding in August, September, October of 2013 (T at 360, 366, 414) and January, February, May, and June of 2014 (T at 423, 429, 437, 483, 492).

In August of 2014, Dr. Larsen reported that Plaintiff could perform "light work only," with no prolonged weight bearing. (T at 500). In April of 2015, Dr. Larsen described Plaintiff as "permanent and stationary," a workers' compensation term indicating that Plaintiff's condition was not expected to improve and that his work restrictions were not expected to change. (T at 523-27).

The ALJ gave "little weight" to Dr. Larsen's assessments. (T at 19-20). This Court finds the ALJ's decision supported by substantial evidence.

First, the ALJ found Dr. Larsen's opinions inconsistent with the clinical and examination findings. (T at 20). In June of 2013, it was noted that Plaintiff had full muscle strength in the lower extremity (T at 369), with well-healed arthroscopic portals in the right knee and no instability or loss of muscle strength in the hamstrings and quadriceps. (T at 369). Dr. Larsen noted that a June 2012 MRI indicated a meniscus tear, but revealed no "evidence of any significant abnormality." (T at 326). Physical examination findings were essentially unchanged during the course of treatment with Dr. Larsen, during which time the physician consistently

found that Plaintiff could perform modified duty work. (T at 272, 326, 366, 369, 373, 379, 421-22, 427-28, 447-49, 489-91, 497-97, 525-26).

Upon examination at a pain management clinic in August of 2013, Plaintiff showed some tenderness and limited range of motion, but motor strength and sensation were normal. (T at 532). Plaintiff was seen by Dr. Elias Sanchez in February of 2015. Dr. Sanchez described Plaintiff as being in "no distress," with intact sensory exam and normal motor strength in the upper and lower extremities. (T at 583). Plaintiff had full range of motion in his back. (T at 583). Dr. Sanchez made the same findings in May of 2015. (T at 590).

The lack of medical support for an opinion is a legitimate reason for disregarding a treating physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)(finding that "discrepancy" between treatment notes and opinion was "a clear and convincing reason for not relying on the doctor's opinion regarding" the claimant's limitations).

Second, the ALJ also reasonably relied on other medical opinion evidence. Dr. Eric Schmitter, a non-examining review physician, concluded that Plaintiff's subjective complaints appeared to be "grossly exaggerated." (T at 607). He opined that Plaintiff could occasionally lift less than 50 pounds and frequently lift less than

12
DECISION AND ORDER – QUIJADA v BERRYHILL 5:17-CV-00550 (VEB)

20 pounds; sit for 7 hours in an 8-hour workday; stand/walk for 6 hours in an 8-hour workday; and perform frequent operation of foot controls bilaterally. (T at 609-11).

Dr. Vincent Bernabe performed a consultative examination in May of 2013. Dr. Bernabe concluded that Plaintiff could lift/carry 50 pounds occasionally and 25 pounds frequently, stand/walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday. (T at 340).[2]

Dr. R. Jacobs, a State Agency review physician, concluded that Plaintiff could perform medium work, with frequent postural activities, but no climbing of ladders, ropes, or scaffolds. (T at 58-59).

"The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *see also see also* 20 CFR § 404.1527 (f)(2)(i)("State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

---

[2] Plaintiff notes that Dr. Bernabe is no longer employed by the Commissioner for the purpose of performing consultative examinations. However, there is no evidence to support Plaintiff's claim that Dr. Bernabe is "discredited." Rather, the uncontradicted evidence offered by the Commissioner is that Dr. Bernabe's contract was terminated in March of 2017 (nearly four years after he examined Plaintiff) due to "ongoing complaints of rudeness." (Docket No. 21-1).

Plaintiff argues that the ALJ should have weighed the evidence differently and resolved the conflict in favor of Dr. Larsen's more restrictive opinion. However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's decision was supported by substantial evidence and must therefore be sustained. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

**B. Step Two Analysis**

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a "severe" impairment. See 20 C.F.R. §§ 404.1520(c), 416.920(c). The fact that a claimant has been diagnosed with and treated for a medically determinable impairment does not necessarily mean the impairment is

"severe," as defined by the Social Security Regulations. *See, e.g., Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). To establish severity, the evidence must show the diagnosed impairment significantly limits a claimant's physical or mental ability to do basic work activities for at least 12 consecutive months. 20 C.F.R. § 416.920(c).

The step two analysis is a screening device designed to dispose of *de minimis* complaints. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). "[A]n impairment is found not severe . . . when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Yuckert v. Bowen*, 841 F.2d 303 (9th Cir. 1988) (quoting SSR 85-28). The claimant bears the burden of proof at this stage and the "severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." SSR 85-28. Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers, and usual work situations." *Id.*

Here, the ALJ found that Plaintiff's chronic low back pain with mild x-ray and MRI findings with no neurologic deficits and persistent right knee pain, status post

arthroscopic surgery with no significant pathology were "severe" impairments under the Act. (Tr. 15).

Plaintiff contends that the ALJ should also have found his varicose veins to be a severe impairment. However, after undergoing surgical treatment, Plaintiff reported improvement with regard to his varicose veins and was returned to normal daily activities. (T at 473, 477-78). Moreover, the step two analysis was resolved in Plaintiff's favor, *i.e.* the ALJ concluded that Plaintiff had severe impairments and proceeded with the sequential analysis. As such, even assuming *arguendo* that the ALJ erred in finding that Plaintiff's varicose veins were non-severe, any error in that regard was harmless because the ALJ considered that condition when determining Plaintiff's RFC. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

## C. Credibility

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General

findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows: He stopped working in 2012 due to a work-related accident. (T at 30). He tried to return to work, but was refused the accommodations he needed. (T at 33). He has swelling in his ankles, which he relieves by elevating his feet. (T at 35). His back problems cause shooting pain down both legs. (T at 36). He has pain in both shoulders. (T at 36). His ability to perform household chores is limited. (T at 38). He lives with his wife and daughter. (T at 38-39). He does not drive due to lower back pain. (T at 39-40). His doctor prescribed a cane. (T at 41).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that his statements

17
DECISION AND ORDER – QUIJADA v BERRYHILL 5:17-CV-00550 (VEB)

concerning the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 17-18).

This Court finds that the ALJ's credibility determination was supported by substantial evidence and consistent with applicable law. First, the ALJ noted that Plaintiff's testimony was contradicted by the objective medical evidence. (T at 18). As discussed above, the contemporaneous medical records and assessments of examining and review physicians were inconsistent with the claims of disabling limitations. Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ may consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). In other words, an ALJ may properly discount subjective complaints where, as here, they are contradicted by medical records. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).

Second, Plaintiff had a generally conservative course of treatment, declined recommended surgery, was tapering his pain medication, and chose not to attend physical therapy. (T at 18, 497, 499, 524, 576). "Evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding the severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007).

In light of the above, this Court finds that the ALJ's credibility determination must be sustained. *See Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999)("[Q]uestions of credibility and resolutions of conflicts in the testimony are functions solely of the [Commissioner].").

## V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the examining medical providers and the non-examining consultants, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and substantial evidence supports the Commissioner's decision.

# VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision; and

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case.

DATED this 30th day of September, 2018,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE